IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | CIVIL ACTION NO.: 19-870 |
| | ) | |
| HERITAGE COMPOUNDING | ) | |
| PHARMACY, LLC, CHRISTOPHER A. | ) | |
| BURGESS AND MARTI P. BURGESS | ) | |
| | ) | |
| Defendants. | ) | |

**STIPULATION OF SETTLEMENT AND CONSENT JUDGMENT**

The United States of America ("United States"); and Defendants, Heritage Compounding Pharmacy, LLC ("Heritage"), Christopher A. Burgess ("Burgess") and Marti P. Burgess ("M. Burgess"), (collectively, the "Parties"), by and through undersigned counsel, consent to entry of this Judgment based on the following uncontested allegations:

1. This Court has subject matter jurisdiction over this action pursuant to 31 U.S.C. §§ 3730(a) and (b) and 3732(a), and 28 U.S.C. §§ 1331 and 1345.

2. This Court has personal jurisdiction over Defendants Heritage, Burgess and M. Burgess.

3. On November 12, 2019, the United States and the Defendants executed a Settlement Agreement for purposes of resolving a dispute under the Federal False Claims Act, 31 U.S.C. §§ 3729-3733 (the "Settlement Agreement"). A copy of the Settlement Agreement is attached hereto as Exhibit "1" and incorporated by reference herein.

4. Under the terms of the Settlement Agreement, Heritage, Burgess, and M. Burgess agree to the entry of this Consent Judgment in the amount of Two Million Eight Hundred Fifty-Six Thousand Five Hundred Eighty-Eight Dollars ($2,856,588.00), plus interest accruing thereafter at the effective legal post-judgment interest rate pursuant to 28 U.S.C. § 1961, each party to bear

1

**EXHIBIT 2**

their own costs.

5. The United States shall release the Consent Judgment upon Defendants' payment and satisfaction of the Settlement Amount of One Million Nine Hundred Ten Thousand Three Hundred Ninety-Two Dollars ($1,910,392.00) plus interest accruing thereafter at the effective legal post-judgment rate.

SO ORDERED this 30th day of December, 2019.

_____
UNITED STATES ~~DISTRICT JUDGE~~ MAGISTRATE JUDGE

The Parties, through counsel, hereby stipulate and agree to the entry of this Consent Judgment.

Respectively submitted,

RICHARD W. MOORE
UNITED STATES ATTORNEY

By: _____
Deidre L. Colson
Assistant United States Attorney
United States Attorney's Office
63 S. Royal Street, Suite 600
Mobile, AL 36602
deidre.colson@usdoj.gov

*Attorney for the United States of America*

By: _____
Brad Howard
Brown & Fortunato, P.C.
S. Fillmore, Suite 400
Amarillo, Texas 79105
bhoward@bf-law.com

*Attorney for Defendants Marti Burgess, Christopher Burgess and Heritage Compounding Pharmacy, LLC*

2

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into between the Plaintiff, United States of America ("United States"), by and through the United States Attorney for the Southern District of Alabama, and on behalf of the Defense Health Agency ("DHA"), acting on behalf of the TRICARE Program, and on behalf of the United States Department of Veterans Affairs CHAMPVA Program (collectively, "the United States"); Christopher Burgess, Marti Burgess, and Heritage Compounding Pharmacy, LLC (collectively "the Defendants") hereinafter identified collectively as "The Parties".

## RECITALS

A. Christopher Burgess is a pharmacist and owner/operator of Heritage Compounding Pharmacy, LLC during all relevant times.

B. Marti Burgess is a pharmacist who conducted management and oversight functions of Heritage Compounding Pharmacy, LLC during the relevant time period, and became a 20% owner of Heritage in November 2015.

C. Heritage Compounding Pharmacy, LLC ("Heritage") is an Alabama professional corporation incorporated in the State of Alabama on February 3, 2006, with its principal place of business in Mobile, Alabama.

D. On October 29, 2019, the United States filed a Complaint against Christopher Burgess, Marti Burgess, and Heritage in the United States District Court, for the Southern District of Alabama, Civil Action No. 19-870, pursuant to the False Claims Act, 31 U.S.C. § 3729, *et seq.*, (the "Civil Action"). The United States has alleged that from January 1, 2013 to May 1, 2015, Defendants knowingly submitted, or caused the submission of false claims to TRICARE and CHAMPVA that were tainted by illegal kickbacks. In addition, the United States

**EXHIBIT 1**

has alleged that Defendants implemented a marketing and refill scheme that resulted in the knowing submission of false claims for TRICARE prescriptions using illegal pre-printed prescriptions populated with a Schedule III controlled substance (Ketamine), and that were not medically necessary or prescribed by a physician who had a legitimate physician-patient relationship.

E. The Parties agree to the following "Covered Conduct": During the time period of March 2014, all pharmacy claims Heritage submitted to TRICARE and CHAMPVA for compounding topical pain creams using pre-printed pre-populated prescriptions with Ketamine, a Schedule III controlled substance, and that were filled and refilled without a valid physician-patient relationship and that were not medically necessary.

## TERMS AND CONDITIONS

1. The full settlement amount of this matter shall be One Million Nine Hundred Ten Thousand Three Hundred Ninety-Two Dollars ($1,910,392.00)[1] plus applicable interest as set forth below (the entire amount of which is the "Settlement Amount"), of which Nine Hundred Fifty-Five Thousand One Hundred Ninety-Six Dollars ($955,196.00) constitutes restitution. The Settlement Amount shall be paid as follows:

    a. Defendants shall receive a credit towards the Settlement Amount in the amount of Three Hundred Eighty-Five Thousand Eighty Dollars ($385,080.00), which represents Express Scripts, Inc.'s ("ESI"), recouped reimbursements paid to Heritage for 2014 pharmacy claims that constitute covered conduct.

    b. Defendants agree to make an initial payment to the United States in the amount of Four Hundred Fifty Thousand Dollars ($450,000.00) ("Initial Payment"), plus accrued

---

[1] Of the aforementioned funds, the sum of Seventy-Nine Thousand Seven Hundred Sixty-Eight Dollars ($79,768.00) will be allocated to CHAMPVA.

interest at the effective legal post-judgment interest rate beginning March 1, 2019, to the date of the Initial Payment. The Initial Payment is to be made within ten (10) days of the Effective Date of this Agreement, by electronic funds transfer pursuant to written instructions to be provided by the U.S. Attorney's Office for the Southern District of Alabama.

    c.    Defendants shall make monthly installment payments in the minimum amount of Two Thousand Five Hundred Dollars ($2,500.00) beginning December 1, 2019, and on the 1st day of each month thereafter, until the Settlement Amount is paid in full. The $2,500.00 per month installment payment shall be increased annually based on Defendants' ability to pay as demonstrated by sworn financial statements (Form OBD-500 and Form OBD-500C) and copies of filed state and federal tax returns.

    2.    The United States and Defendants agree to settle, compromise and resolve all causes of action as stated in the Complaint through the entry and satisfaction of a Consent Judgment in the amount of Two Million Eight Hundred Fifty-Six Thousand Five Hundred Eighty-Eight Dollars (**$2,856,588.00**), plus interest accruing thereafter at the effective legal post-judgment interest rate. The United States shall release the Consent Judgment upon Defendants payment and satisfaction of the Settlement Amount, plus interest accruing thereafter at the effective legal post-judgment rate. The Parties agree that a Consent Judgment in the form attached hereto as Exhibit "A" in the amount of $2,856,588.00 shall be filed with the Court no later than ten (10) days after the execution of the Agreement.

    3.    Conditioned upon Defendants' full payment of the Settlement Amount, the United States releases, Marti Burgess, Christopher Burgess, and Heritage, their estate if any, and their successors, attorneys, agents, and assigns, from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a; the Program Fraud Civil Remedies

Act, 31 U.S.C. §§ 3801-3812; or the common law claims of payment by mistake, unjust enrichment and fraud.

4. In addition to the $2,500.00 per month installment payment, Defendants agree to immediately pay to the United States, any and all asset proceeds, payments, benefits, and/or funds that Defendants receive from the Burgess Family 2014 Irrevocable Trust (the "Trust") no later than ten (10) days after receipt as a set-off against any outstanding portion of the Settlement Amount, plus interest accruing at the effective legal post-judgment rate. Failure to pay the United States any Trust assets, benefits, dividends or other distribution within ten (10) days of receipt will result in an Event of Default. In the event Defendants are in default of this Agreement, the United States Burgess Family 2014 Irrevocable Trust set-off shall apply to the entire Consent Judgment amount of $2,856,588.00, plus interest accruing at the effective legal post-judgment rate.

5. In addition to the $2,500.00 per month installment payment, Defendants agree to assign any and all payments, benefits, and/or funds that Defendants have received or will receive from the United States Treasury as a set-off against any outstanding portion of the Settlement Amount, plus interest accruing at the effective legal post-judgment rate. In the event Defendants are in default of this Agreement, the United States Treasury set-off shall apply to the entire Consent Judgment amount of $2,856,588.00, plus interest accruing at the effective legal post-judgment rate. When Christopher or Marti reach the age to qualify for social security benefits, the United States will consider said income separately from the aforementioned assignment, as long as Defendants are not in default of this Agreement and have otherwise acted in good faith. The United States intends, upon execution of this Agreement, to place a notation in the financial litigation file indicating that Defendants' social security benefits will not automatically be considered as part of the Treasury Offset Program, and the appropriate adjustments will be made

in accordance with this Agreement and the Defendants' annual submission of sworn financial statements (Form OBD-500 and Form OBD- 500C) and copies of filed state and federal tax returns.

6. Marti Burgess, Christopher Burgess, and Heritage have provided sworn financial disclosure statements (Financial Statements) to the United States, and the United States has relied upon that information in reaching this Agreement. If the United States learns of asset(s), including Trust assets, which were not disclosed at the time these Financial Statements were provided and/or before the execution of this Agreement, the United States may collect 100% of the value of undisclosed assets in addition to the Settlement Amount. Marti Burgess, Christopher Burgess, and Heritage agree not to contest any collection action undertaken by the United States pursuant to this provision.

7. Until the Settlement Amount is paid in full, Marti Burgess, Christopher Burgess, and Heritage shall provide the United States Attorney's Office located at 63 South Royal Street, Suite 600, Mobile, AL 36602, sworn Financial Statements (Form OBD-500 and Form OBD-500C) and copies of personal and business federal and state income tax returns for the prior year. Marti Burgess, Christopher Burgess, and Heritage shall submit these financial statements and tax returns to the United States Attorney's Office no later than May 15th of each year.

8. Until the Settlement Amount is paid in full, Marti Burgess, Christopher Burgess, and Heritage shall provide the United States Attorney's Office located at 63 South Royal Street, Suite 600, Mobile, AL 36602, an annual sworn accounting of the Trust assets, liabilities, purchases, acquisitions, and distributions no later than May 15th of each year.

9. Until the Settlement Amount is paid in full, Marti Burgess and Christopher Burgess shall notify the United States Attorney's Office within thirty (30) days of any change

in the following: (1) personal or business address, (2) employment, (3) corporate status of Heritage Compounding Pharmacy, LLC, or (4) dissolution or change of the Trust.

10. The United States will record a Consent Judgment lien in the amount of $2,856,588.00 against Marti Burgess, Christopher Burgess and Heritage to secure payment of the Consent Judgment. The proceeds from the sale of any real estate in which Marti Burgess, Christopher Burgess, and Heritage have an interest may be used to satisfy a portion or all of the Settlement Amount. In the event Marti Burgess, Christopher Burgess, and Heritage are in default of this Agreement, the proceeds from the sale of any real estate in which Marti Burgess, Christopher Burgess, and Heritage have an interest or any Trust asset may be used to satisfy a portion of all of the Consent Judgment amount of $2,856,588.00 plus interest accruing at the effective legal post-judgment rate.

11. If Marti Burgess, Christopher Burgess and/or Heritage fail to make any of the payments required by Paragraph 1, above, at or before the specified times, or the yearly submission of financial statements, tax returns, and sworn Trust accountings, Marti Burgess, Christopher Burgess and/or Heritage shall be in default ("Default"). The United States shall provide Marti Burgess, Christopher Burgess and/or Heritage with written notice of the Default, by email and overnight mail to the Parties' last known address and email provided by the Parties. Marti Burgess, Christopher Burgess and/or Heritage agree that notice to counsel shall satisfy the United States' notice obligations under this Paragraph. Marti Burgess, Christopher Burgess and/or Heritage shall have ten (10) business days from the transmission date of the notice of the Default to cure the Default. If Marti Burgess, Christopher Burgess and/or Heritage fail to cure such Default within ten (10) business days from transmission of the written notice of Default, there shall be an event of default ("Event of Default"). If an Event of Default occurs, then the balance of the Consent Judgment, plus interest accruing at the effective legal post-judgment rate,

shall immediately become due and payable, and the United States, at its discretion, may rescind the releases in this Agreement and may proceed with available administrative and judicial remedies to enforce the Consent Judgment. Marti Burgess, Christopher Burgess and/or Heritage shall immediately pay to the United States, and shall not contest, a surcharge of ten percent (10%) of the amount of the defaulted payment(s) subject to collection under this Paragraph, as provided by 28 U.S.C. § 3011(a). In the event the United States forgoes available administrative or judicial remedies to enforce the Consent Judgment upon Marti Burgess, Christopher Burgess, and Heritage's default, such election shall not bar, or otherwise operate as a waiver or release, of the United States' right to seek available administrative or judicial remedies to satisfy the Consent Judgment at a later date or upon additional and/or subsequent terms of default.

12. This Agreement does not release Marti Burgess, Christopher Burgess, and Heritage from (a) any criminal liability; (b) any criminal, civil or administrative claims arising under Title 26 of the U.S. Code (Internal Revenue provisions); or (c) any liability for any conduct other than that specifically identified above.

13. Marti Burgess, Christopher Burgess, and Heritage waive and will not assert any defenses that they may have to any criminal prosecution or administrative action, which defenses may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause of the Eighth Amendment of the Constitution, this Settlement Agreement bars a remedy sought in such criminal prosecution or administrative action.

14. If within 91 days of the Effective Date of this Agreement or of any payment made under this Agreement, Marti Burgess, Christopher Burgess, and/or Heritage commence, or a third party commences, any case, proceeding, or other action under any law relating to bankruptcy, insolvency, reorganization, or relief of debtors (a) seeking to have any order for

7

relief of Marti Burgess, Christopher Burgess, and/or Heritage's debts, or seeking to adjudicate Marti Burgess, Christopher Burgess, and/or Heritage as bankrupt or insolvent; or (b) seeking appointment of a receiver, trustee, custodian, or other similar official for Marti Burgess, Christopher Burgess, and/or Heritage for all or any substantial part of Marti Burgess, Christopher Burgess, and/or Heritage's assets, Marti Burgess, Christopher Burgess, and/or Heritage agree as follows:

    a.    Marti Burgess, Christopher Burgess, and/or Heritage obligations under this Agreement may not be avoided or discharged pursuant to 11 U.S.C. § 523 or § 547, and Marti Burgess, Christopher Burgess, and/or Heritage shall not argue or otherwise take the position in any such case, proceeding, or action that: (i) Marti Burgess, Christopher Burgess, and/or Heritage's obligations under this Agreement may be avoided under 11 U.S.C. § 547; (ii) Marti Burgess, Christopher Burgess, and/or Heritage was insolvent at the time this Agreement was entered into, or became insolvent as a result of the payment made to the United States; or (iii) the mutual promises, covenants, and obligations set forth in this Agreement do not constitute a contemporaneous exchange for new value given to Marti Burgess, Christopher Burgess, and/or Heritage.

    b.    If Marti Burgess, Christopher Burgess, and/or Heritage's obligations under this Agreement are avoided for any reason, including, but not limited to, through the exercise of a trustee's avoidance powers under the Bankruptcy Code, the United States, at its sole option, may rescind the releases in this Agreement and bring any civil and/or administrative claim, action, or proceeding against Marti Burgess, Christopher Burgess, and/or Heritage or the claims that would otherwise be covered by the releases provided in Paragraph 3. Payments, excluding interest and costs, made by Marti Burgess, Christopher Burgess, and/or Heritage and retained by the United States in accordance with the terms of this Agreement, shall be applied

8

to the extent the United States' recovers at least the full Consent Judgment ($2,856,588.00) in any civil and/or administrative action or proceeding in this Paragraph. Marti Burgess, Christopher Burgess, and/or Heritage each agree that (i) any such claims, actions, or proceedings brought by the United States are not subject to an "automatic stay" pursuant to 11 U.S.C. § 362(a) as a result of the action, case, or proceedings described in the first clause of this Paragraph, and Marti Burgess, Christopher Burgess, and/or Heritage shall not argue or otherwise contend that the United States' claims, actions, or proceedings are subject to an automatic stay; (ii) Marti Burgess, Christopher Burgess, and/or Heritage shall not plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories related to delay or timeliness, to any such civil or administrative claims, actions, or proceeding that are brought by the United States within 180 calendar days of written notification to Marti Burgess, Christopher Burgess, and/or Heritage that the releases have been rescinded pursuant to this Paragraph, except to the extent such defenses were available on October 28, 2019; and (iii) the United States has a valid claim against Marti Burgess, Christopher Burgess, and/or Heritage in the amount of the Consent Judgment ($2,856,588.00), plus interest, costs and attorney's fees, and the United States may pursue its claim in the case, action, or proceeding referenced in the first clause of this Paragraph, as well as in any other case, action, or proceeding. Payments, excluding interest and costs, made by Marti Burgess, Christopher Burgess, and/or Heritage and retained by the United States in accordance with the terms of this Agreement, shall be applied to the United States' recovery of the full Consent Judgment in the case, action, or proceeding as referenced in the first clause of this Paragraph, as well as in any other case, action, or proceeding.

   c. Marti Burgess, Christopher Burgess, and/or Heritage acknowledge that the agreements in this Paragraph are provided in exchange for valuable consideration provided in

this Agreement.

15. Marti Burgess, Christopher Burgess, and Heritage and their agents, assigns and heirs hereby release and hold harmless the United States and any agents, servants and employees of the United States acting in their individual or official capacities, from any and all claims, demands and causes of action which currently exist or which may arise as a result of the United States' investigation and settlement of this matter.

16. Each party shall bear his or its own costs and attorneys' fees incurred in any stage of this matter and the settlement thereof.

17. This Agreement shall be governed and interpreted in accordance with the federal laws of the United States. The Parties agree that the exclusive jurisdiction and venue for any dispute arising between and among the Parties under this Agreement will be the United States District Court, Southern District of Alabama.

18. This is a publicly available document, and Marti Burgess, Christopher Burgess, and Heritage waive any claim that this or any other document filed in this case along with any information contained therein is subject to the Privacy Act of 1974, 5 U.S.C. § 552a.

19. Upon execution of this Agreement, the Parties shall execute and file with the Court a Consent Judgment and Stipulation of Settlement in the form attached hereto as Exhibit "A".

20. This Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

21. This Agreement is effective on the date of signature of the last signatory to the Agreement (Effective Date of this Agreement). Facsimiles and electronic transmissions of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

<u>THE UNITED STATES OF AMERICA</u>

DATED: 11/04/2019  BY: _____
DEIDRE L. COLSON
Assistant United States Attorney
United States Attorney's Office
Southern District of Alabama

DATED: 11/04/2019  BY: BLEY.PAUL.NICHOLAS.1099873821
Digitally signed by BLEY.PAUL.NICHOLAS.1099873821
Date: 2019.11.04 16:20:16 -05'00'
for BRYAN T. WHEELER
Acting General Counsel
Defense Health Agency
United States Department of Defense

<u>MARTI BURGESS, CHRISTOPHER BURGESS, AND HERITAGE COMPOUNDING PHARMACY, LLC.</u>

DATED: _____ BY: _____
MARTI BURGESS

DATED: _____ BY: _____
CHRISTOPHER BURGESS

DATED: _____ BY: _____
HERITAGE COMPOUNDING PHARMACY, LLC

DATED: _____ BY: _____
BRADLEY HOWARD
Counsel for Marti Burgess, Christopher Burgess
and Heritage Compounding Pharmacy, LLC
Brown & Fortunato, P.C.
S. Fillmore, Suite 400
Amarillo, Texas 79105
bhoward@bf-law.com

11

<u>**THE UNITED STATES OF AMERICA**</u>

DATED: _____ BY: _____
DEIDRE L. COLSON
Assistant United States Attorney
United States Attorney's Office
Southern District of Alabama

DATED: _____ BY: _____
BRYAN T. WHEELER
Acting General Counsel
Defense Health Agency
United States Department of Defense

<u>**MARTI BURGESS, CHRISTOPHER BURGESS, AND HERITAGE COMPOUNDING PHARMACY, LLC.**</u>

DATED: 11/12/19 BY: *[signature]*
MARTI BURGESS

DATED: 11/12/19 BY: *[signature]*
CHRISTOPHER BURGESS

DATED: 11/12/19 BY: *[signature]*
HERITAGE COMPOUNDING PHARMACY, LLC

DATED: 11/12/19 BY: *[signature]*
BRADLEY HOWARD
Counsel for Marti Burgess, Christopher Burgess
and Heritage Compounding Pharmacy, LLC
Brown & Fortunato, P.C.
S. Fillmore, Suite 400
Amarillo, Texas 79105
bhoward@bf-law.com